UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.S.G., | No. 2:25-cv-1884-TLN-SCR |
| Petitioner,[1] | |
| v. | ORDER |
| TONYA ANDREWS, et al., | |
| Respondents. | |

Petitioner, who is represented by counsel, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner paid the filing fee. The district judge then issued a preliminary injunction in favor of petitioner. ECF No. 14. On July 21, 2025, the district judge then referred this matter to the undersigned for further proceedings. ECF No. 15.

A review of the docket indicates that this case was erroneously designated as a "civil" action, as opposed to a "habeas corpus" action. As a result, summons were issued to respondents on July 3, 2025. See ECF No. 3. An initial pretrial scheduling order was also issued. ECF No. 4. However, this type of scheduling order applies to civil actions, as opposed to habeas corpus actions. For this reason, the court will vacate the July 3, 2025 pretrial scheduling order. ECF No.

---

[1] Petitioner requested that the court use his initials rather than his full name citing the 2018 Policy Memorandum issued by the Judicial Conference of the United States' Committee on Court Administration and Case Management. See ECF No. 1 at 7 n. 1. The court grants petitioner's request and has modified the case caption accordingly.

1

4. This case has been redesignated as a habeas corpus action and will proceed accordingly.

The court has conducted a preliminary review of petitioner's § 2241 application in accordance with Rule 4 of the Rules Governing Section 2254 Cases.[2] Since the court finds that petitioner may be entitled to the relief requested if the claimed violation of constitutional rights is proved, the parties are directed to file a joint status report that includes a proposed merits briefing schedule.[3] Additionally, the joint status report shall address whether petitioner is requesting discovery, the parties' positions on whether discovery is appropriate, and any proposed schedule governing discovery matters in this case.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The initial pretrial scheduling order (ECF No. 4) is hereby vacated as issued in error.

2. The parties are directed to file a joint status report within 14 days from the date of this order which includes a proposed briefing schedule on petitioner's § 2241 application. The status report shall also address whether petitioner is requesting discovery, the parties' positions on whether discovery is appropriate pursuant to Rule 6(b) of the Rules Governing Section 2254 Cases and case law governing discovery in habeas corpus actions, as well as a proposed schedule for the completion of any proposed discovery.

3. The Clerk of Court shall amend the case caption and docket in this case to refer to petitioner by his initials of "Y.S.G." The parties are further ordered to refer to petitioner by his initials in all future pleadings filed in this case.

DATED: July 23, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

---

[2] These Rules may also be applied to § 2241 petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases.

[3] Since respondents entered their appearance in this case on July 7, 2025, the court will not order the § 2241 petition served on respondents. See ECF No. 6.